WALTZER, Judge,
dissents with written reasons.
This is an appeal from a judgment of the Civil District Court dated November 19, 1992 providing as follows:
The court, after reviewing the pleadings, the evidence and the arguments of counsel, denies the Exceptions and orders the removal of the Administratrix Anna H. Smith.
From that judgment, Anna H. Smith, through counsel, has suspensively appealed, posting a bond of $40,000.00.
This court reviews writs and appeals taken from a specific judgment, a piece of paper entitled judgment with a specific date and judge’s signature on it. The judgment may be dispositive of the principle object of the suit or may be dispositive of an intermediate matter. The above judgment is dispositive of an intermediate matter. The above quoted judgment is not an appealable judgment because it is not the final judgment dispositive of the principal object of the suit. Rather it is an interlocutory order which is reviewable only on writ. At this time, the issues of who are the heirs who have right to possession are not before us because:
1.The appeal was not taken from a judgment of possession.
2. There is no judgment of possession in the record before us.
3. There is no transcript of a hearing on whether or not Blanche Asbury Hel-wick tacitly accepted the succession by various acts such as taking furniture, clothing or other keepsakes of the defendant to her location in the nursing home.
In short, those issues are not properly before us because there is no trial court judgment deciding them, no appeal was taken on such a judgment, and there is no hearing transcript on those issues.
Having delineated what is and is not properly before the court at this time, the only issue before the court is the November 19 judgment. A review of the record indicates that the trial court erred in granting the judgment because there is virtually no evidence in the record before us which supports the motion and mover failed to carry her burden of proof. The transcript before us is likewise highly deficient. This ruling does not prevent the parties from filing another rule and holding another hearing at which time witnesses will be presented, evidence introduced and a record built.
The instant succession is of a small dollar value. Its main asset is immovable property as follows:
TWO CERTAIN LOTS OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, prescriptions, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Second District in Square No. 20 included in that portion of ground purchased by the New Orleans Land Company from the Southern States Fair and Pan American Exposition, on August 7, 1915, said lots are designated by the Nos. 21 and 22 on the map of Homedale Park Annex, prepared by J.F. Coleman, Engineer, under date of June 1916, in that square bounded by St. Louis, Vicksburg, Voisin and Greenwood Streets which said lots measure as follows: Lots 21 and 22 measure each twenty (20') feet front on Greenwood Street *827 by a depth between equal and parallel lines of one hundred twenty-two (122') feet more or less towards Voisin Street. The buildings and improvements on the hereinabove described property are designated as Municipal Nos. 809-11 Greenwood Street.
The property is valued at approximately $40,000 total, which is inexpensive property for New Orleans real estate. If it was separate property, then Mr. Helwick’s half would go to his collaterals. We do not know if the property was community or separate property as there has been no evidence presented. If it was a community property home, then Mrs. Helwick owned half in her own right. In addition, to the real estate the Succession of Numa Hel-wick also indicated Cash on hand of $13,-918.00, half of which was owned by the widow and was not part of the succession property. Hence the total assets equaled $53,918.00, $26,859.00 of which was owned by Mrs. Helwick and $26,859 of which was succession property. Because the principal asset was real estate which required maintenance, the original succession administrator used funds from the succession to pay water bills, utility bills, property taxes, etc. Additionally, he paid Mrs. Helwick’s nursing home bills.
The majority opinion fails to take into account that there may have been a tacit acceptance by Mrs. Blanche Helwick and that there may be separate property claims by the collaterals of Joseph L. Helwick which would interrupt the line of inheritance so neatly laid out in favor of Aileen Coleman (Mrs. Asbury). Additionally, the majority fails to consider the crux of Anna Helwick Smith’s argument under C.C.P. Art. 3331 “A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any other interested person.” Mrs. Smith did file a succession accounting for the period that she was succession administrator. She did not file an accounting for the period that someone else, her brother Joseph Helwick, was succession administrator. This is a small dollar value succession and from the record it is obvious that with the exception of Aileen Coleman, the individuals involved are not financially sophisticated. Obviously, Joseph Helwick did not keep detailed records when he was succession administrator, hence Mrs. Smith was not able to provide a detailed accounting for the period of time when someone else was the succession administrator. She, however, should not be penalized for someone else’s lapse, if it in fact was one. Perhaps Joseph Helwick believed or everyone in the family agreed that everything should go to pay Blanche Helwick’s nursing home bills. We note that Aileen Coleman’s husband refused the succession because he did not want to be responsible for Blanche Helwick’s nursing home and medical bills. In law we often say that a person is not required to undertake a vain and useless act. Ordering Mrs. Smith to undertake an act which cannot be accomplished because the underlying records do not exist is ordering her to perform an impossibility and ordering her to undertake a vain and useless act. She should not be penalized for failing to do the impossible and it is unreasonable for this court to expect her to do the impossible.
Lastly we note that in the prior writ application Aileen Coleman, an out of state resident has universally declared that the immovable property is hers alone and she has placed the property up for sale and declared her intention to sell it and return to her out of state home with the cash. She is doing this without a judgment of possession in the instant case, arguing that the judgment of possession in her husband’s succession in Arizona is translative of title to the property in the instant succession. She is thus attempting to liquidate the only asset and remove herself and the cash from the jurisdiction of this court, all without a judgment of possession. We are appalled that the majority is willing to let this happen. Title examiners will have a field day with this property.
For the reasons discussed, the judgment of the district court should be vacated, *828 annulled, and set aside and the matter remanded for further proceedings.